UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

August 14, 2007

Memo To Counsel Re: Tori Lewis, et al. v. Board of Education of Kent County, et al.
Civil No. JFM-07-955

Dear Counsel:

I have reviewed the memoranda submitted in connection with defendants' motion to dismiss. The motion will be granted in part and denied in part.

### Count I (Claim Under Section 504 of the Rehabilitation Act of 1973)

The motion of the individual defendants will be granted because individuals are not subject to liability under Section 504. *See, e.g., Garcia v. Suny Health Sciences Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001); *Shepard v. Irving*, 204 F. Supp., 920-21 (E.D. Va. 2002), *reversed on other grounds*, 77 Fed. Appx. 615 (4th Cir. 2002).

The motion of the Board of Education of Kent County ("the Board") will be denied. The Fourth Circuit has expressly held that the Eleventh Amendment waiver condition contained in the Rehabilitation Act is valid. *See Constantine v. George Mason University*, 411 F.3d 474, 490-94 (4th Cir. 2005). *Constantine* forecloses any argument that the waiver condition in Section 2000d-7 is unconstitutional because it does not bear a sufficient relationship to the purpose of Section 504 of Rehabilitation Act of ensuring that federal funds are not used to facilitate disability discrimination. *Id.* at 493. Likewise, the Board has submitted no evidence demonstrating that the financial inducement offered by Congress is so strong as to be coercive.[1]

### Count II (Claim Under the ADA)

The motion to dismiss filed by the individual defendants will be granted because, just as under Section 504, there is no individual liability under the ADA. *Shepard*, 204 F. Supp. 2d at

---

[1] Apparently in support of its coercion argument, the Board posits that the State of Maryland requires it to accept federal funds and to provide a free public education to all eligible students. For Eleventh Amendment purposes, however, the pertinent question is whether Congress has coerced a state to accept federal funds, *Constantine*, 411 F.3d at 493, not whether the state requires its own agencies to accept federal funds.

920-921.

The Board's motion to dismiss will be denied. I recognize that the Supreme Court's decision in *United States v. Georgia*, 546 U.S. 151, 159 (2006) left open the question of whether Congress' abrogation of states' Eleventh Amendment Immunity under Title II of the ADA is constitutionally permissible when a state's alleged conduct does not violate the Fourteenth Amendment. However, the Fourth Circuit's decision in *Constantine* - which upheld Title II's abrogation of states' Eleventh Amendment Immunity - remains binding upon this court. The Board attempts to distinguish *Constantine* on the ground that *Constantine* involved college education, not high school education, but the Board has provided no explanation as to why this distinction is relevant for purposes of constitutional analysis.

### Count III (Claims Brought Under 42 U.S.C. Section 1983)

As plaintiffs concede, the Board and the individual defendants in their official capacities cannot be sued under 42 U.S.C. §1983 because they are not "persons" within the meaning of that section. *See Will v. Michigan Dep'tt of State Police*, 491 U.S. 58, 71 (1989). Plaintiffs also concede that they may not assert any claim under Section 1983 based solely upon violations of Section 504 and the ADA. *See generally Henderson v. Gilbert*, 2006 W.L. 1966797 (D. Md. 2006) ("Where a federal statute, like the ADA, provides a comprehensive remedial scheme, it provides the exclusive mechanism for vindicating alleged wrongs falling within its purview").

Plaintiffs argue, however, that they may bring a claim under §1983 against the individual defendants in their individual capacities for alleged violations of the Fourteenth Amendment's guarantees of equal protection and due process. Plaintiffs have not, however, alleged facts sufficient to support their conclusory averment that there was no rational basis for the decisions, actions, and inactions about which they complain. As just stated, the only facts they allege are geared toward the alleged violations of Section 504 and the ADA. Accordingly, the motions to dismiss filed by the individual defendants in their individual capacities will also be granted.[2]

### Count IV (Negligence Claims)

The final claim asserted by plaintiffs is for negligence.[3] The Maryland Court of Appeals

---

[2] In their memorandum opposing defendants' motion to dismiss, plaintiffs have requested leave to amend their complaint in order to attempt to state a claim under the Fourteenth Amendment against the individual defendants in their individual capacities. This request is denied. Plaintiffs may, of course, file a formal motion to amend in the wake of this memorandum opinion. Before doing so, however, plaintiffs should consider (1) whether they can responsibly state a Fourteenth Amendment claim against the individual defendants in their individual capacities, and (2) the wisdom of increasing the cost of this litigation by attempting to file an amended complaint in light of the fact that these increased costs might well be unnecessary given that I have denied the Board's motion to dismiss the claims asserted under Section 504 and the ADA.

[3] In responding to the motion to dismiss, plaintiffs suggest that they are asserting a claim for wilful misconduct against the defendants. However, Count IV, in which their state law claim is asserted, is expressly denominated as one for "Negligence." Again, if plaintiffs wish to file a

has specifically held that Maryland law does not recognize a cause of action for educational negligence. *Hunter v. Bd. of Educ. of Montgomery County*, 439 A.2d 582 (Md. 1982). Plaintiffs attempt to characterize the holding in *Hunter* as precluding only a claim for failure to provide appropriate instruction, not for failure to provide any educational program at all. This is too narrow a reading of the opinion. The Court of Appeals' ruling was based upon policy concerns regarding the difficulty of determining causation and measuring damages, the potential burden on the public school system's already limited resources, and the inappropriateness of judicial oversight of the educational process. These concerns are as equally applicable to a claim for a failure to provide *any* education as they are to a claim for a failure to provide *appropriate* education.

      A separate order effecting the rulings made in this memorandum is being entered herewith.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

      Very truly yours,


      /s/


      J. Frederick Motz
      United States District Judge

---

motion to amend, they may do so, but they should consider whether the filing of such a motion is prudent and wise.